UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02521

**Arango-Ospina,**
*Petitioner,*
v.
**Warden, T Don Hutto Detention Center, et al.,**
*Respondents.*

## ORDER

Deninson Arango-Ospina is a native and citizen of Venezuela currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing and an injunction against his transfer outside the jurisdiction of this Court while his petition is pending. Because his detention is lawful, his petition and request for injunctive relief are denied.

## BACKGROUND

Petitioner last entered the United States in or about August 2022. Petitioner was detained by federal immigration officials, placed in removal proceedings, and released on recognizance in accordance with 8 U.S.C. § 1226. Petitioner was later granted temporary protected status until April 2, 2025. On September 17, 2024, Petitioner's immigration proceedings were closed because of his temporary protected status. On or about August 21, 2026, Petitioner was detained by federal immigration authorities following a traffic stop. Petitioner was issued a notice to appear and is currently detained by

Respondents at the T. Don Hutto Detention Center in Taylor, Texas.

On September 14, 2026, Petitioner filed a petition for a writ of habeas corpus contesting his detention and seeking immediate release or an individualized bond hearing and an injunction against his transfer outside the jurisdiction of this Court while his petition is pending. The Court ordered Respondents to show cause why the writ should not be granted. Respondents answered, Petitioner replied, and the Court now addresses the petition.

## LEGAL STANDARD

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful,

and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process and the Immigration and Nationality Act. His arguments, however, fail. Petitioner does "not dispute that he has not been admitted." Reply at 3 (ECF No.6). Instead, Petitioner argues that because he was previously released on his own recognizance, his release cannot be revoked without due process, and he was not given that process, so he is entitled to release. Not so. *See, e.g.*, *Diakite v. Frink*, No. 4:26-cv-02752, 2026 WL 1999868, *2 (S.D. Tex. May 27, 2026) (denying a habeas petition arguing improper detention following release under § 1226(a)).

Conditional parole may be revoked "at any time[]." 8 U.S.C. § 1226(b). Such grants and revocations of conditional parole are discretionary, *see* 8 U.S.C. §§ 1226(a)–(b), and the Court has no power to review them, *see id.* § 1226(e) ("No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."). *See also Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) ("As we have previously explained, § 1226(e) precludes an alien from challeng[ing] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." (quoting *Demore*, 538 U.S. at 516 (internal quotation marks omitted))).[1] Section 1226(b) contains

---

[1] Petitioner discusses his now-expired temporary protected status but does not assert that it forms an independent basis for his release. Even if he had, it would not entitle him to release. "Because Petitioner hasn't been admitted—and indeed, no longer holds temporary protected status—he is

no notice or hearing requirement. *See* 8 U.S.C. § 1226; *Nikitin v. Garcia*, No. 1:26-cv-01455 SEC P, 2026 WL 2048592, at *2 (W.D. La. July 15, 2026) ("Under § 1226(b), there is no requirement of notice prior to revocation of parole, but rather the Attorney General may revoke parole 'at any time.'" (quoting 8 U.S.C. § 1226(b))). Due process requires no more.[2] *Makhmudov v. Lyons*, No. 1:26-cv-024, 2026 WL 879392, at *1 (S.D. Tex. Mar. 31, 2026) ("no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.").

"Petitioner's previous release on conditional parole under section 1226(a) does not alter his legal status as an applicant for admission subject to section 1225(b)." *Cardoso-Reyes v. Mullin*, No. 1:26-cv-01600, 2026 WL 2342564, at *2 (W.D. Tex. July 24, 2026). As an applicant for admission, Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026). "The decision of prior Administrations to decline to enforce § 1225(b)(2)(A) against individuals like Petitioner and instead grant conditional parole under section 1226 in no way

---

deemed an 'applicant for admission' subject to mandatory detention under § 1225(b)(2) as interpreted in *Buenrostro*." *Ruz Fuente v. Noem*, No. 4:26-cv-00767, 2026 WL 1270531, at *2 (S.D. Tex. Mar. 20, 2026); *Sanchez v. Mayorkas*, 593 U.S. 409, 416 (2021) ("a grant of [temporary protected status] does not come with a ticket of admission.").

[2] Petitioner mentions that he was arrested without a warrant but does not raise it as a claim for relief. Even if he had, he would not be entitled to release because "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1040 (1984). "Courts have thus denied habeas petitions demanding release based on an allegedly unlawful arrest." *Hernandez v. Collins*, No. 1:26-cv-02242, 2026 WL 2790690, at *2 (W.D. Tex. Sept. 17, 2026) (citing *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026)).

changes the plain statutory text nor otherwise abrogates the Government's authority to lawfully detain Petitioner pending his removal." *Cardoso-Reyes*, 2026 WL 2342564, at *3 (cleaned up and collecting cases).

Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing. 8 U.S.C. § 1225(b)(2). And it is well-established that such "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore*, 538 U.S. at 523. Neither the statutory text nor the Due Process Clause therefore requires granting the writ, and none of Petitioner's ancillary arguments require it either.[3] For the reasons set forth in this Court's decision in *Cardoso-Reyes v. Mullin*, No. 1:26-cv-01600, 2026 WL 2342564 (W.D. Tex. July 24, 2026) and in Parts I–II of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026), the Court denies the petition.

Petitioner is also not entitled to an injunction against transfer outside this Court's jurisdiction. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a temporary restraining order barring the petitioner from being transferred from a district). He has

---

[3] The Fifth Circuit's panel decision in *Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir.), *vacated on reh'g en banc*, 181 F.4th 608 (5th Cir. 2026), was vacated and rehearing en banc was granted on July 10, 2026, *see Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (en banc) (per curiam). "[T]hus the opinion is not binding precedent[,]" *Munn v. City of Ocean Springs*,763 F.3d 437, 441 n.2 (5th Cir. 2014), and the Court is not persuaded by its reasoning. For the reasons set forth in *Esquivel v. Mullin*, No. 1:26-cv-02000, 2026 WL 2322821 (W.D. Tex. Aug. 10, 2026), the subsequent stay, *Rodriguez v. Ortega*, 183 F.4th 387, 388 (5th Cir. July 21, 2026) (en banc) (per curiam), does not preclude this Court from adjudicating or entering final judgment in this case.

provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must ... establish [ ] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). Petitioner's request for an injunction is denied. *See, e.g.*, *Jaramillo-Arellano v. Blanche*, No. 1:26-cv-01711, 2026 WL 2476440, at *6 (W.D. Tex. Aug. 24, 2026) (denying an injunction against transfer outside the district).

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on October 2, 2026.*

ANDREW DAVIS
United States District Judge